IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID VAUN NEWELL,

    Plaintiff,

v.                                                                             CASE NO. 5:13-cv-173-MP-GRJ

JUDGE MICHAEL C OVERSTREET,

    Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in the Bay County Jail, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, Doc. 1, and a motion for leave to proceed as a pauper, Doc. 2. The case is before the Court for screening pursuant to 28 U.S.C § 1915. The undersigned concludes that leave to proceed as a pauper should be granted for the limited purpose of screening the Complaint.

The Complaint alleges that Plaintiff is being held in the Bay County Jail pending unspecified criminal charges. The only named Defendant is the judge in Plaintiff's criminal case, Michael C. Overstreet. Plaintiff contends that Judge Overstreet has violated his Sixth Amendment rights by determining that Plaintiff did not qualify for appointment of counsel due to the value of property that he owns, which Plaintiff contends is encumbered. Plaintiff seeks declaratory and injunctive relief, including appointment of a different judge to preside over his case. Doc. 1.

Based on the allegations in the instant motion, it is clear that this Court should abstain from entertaining Plaintiff's claims pursuant to the *Younger v. Harris* abstention

doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6.

None of the *Younger* exceptions apply in this case. Plaintiff's claims regarding his eligibility for appointment of counsel in his state criminal case must be pursued in the state courts.

Accordingly, for the foregoing reasons, it is **ORDERED** that the motion for leave to proceed as a pauper, Doc. 2, is **GRANTED**. It is respectfully **RECOMMENDED** that this case be dismissed without prejudice.

**IN CHAMBERS** in Gainesville, Florida, on October 25th, 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**